**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHKELQESA DERVISHI, *on her behalf* | ) | 3:21-CV-1184 (SVN) |
| *and on behalf of her autistic son T.*, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STAMFORD BOARD OF EDUCATION, | ) | March 25, 2022 |
| *Defendant.* | ) | |

**RULING AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

Sarala V. Nagala, United States District Judge.

Plaintiff Shkelqesa Dervishi brings this *pro se* action on her own behalf and on behalf of her twenty-two-year-old son with autism, T.D., pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401 *et seq.* Dervishi contends that Defendant, the Stamford Board of Education ("the Board"), is required to reimburse her for the expenses she incurred between 2016 and 2020 to transport T.D. from their home in Stamford, Connecticut to a private school specializing in educating children with autism located in New York City, which T.D. attended during that time.

The Board seeks to dismiss the complaint for three reasons: first, because Dervishi has failed to properly serve it; second, because the complaint is untimely; and third, because Dervishi lacks standing to litigate on behalf of her autistic son *pro se*. Dervishi disagrees, contending that she properly served the Board, that the complaint is timely, and that she has standing to litigate on her own behalf and on her son's behalf pursuant to the IDEA.

For the following reasons, the Court notes that Dervishi has not properly served the Board and *sua sponte* extends the deadline for Dervishi to effectuate proper service until **April 25th, 2022.** The Court also denies the Board's motion to dismiss in its entirety.

## I.      FACTUAL BACKGROUND

### A. <u>Due Process Complaint</u>

The following facts, alleged in the complaint and attached materials, are relevant to this motion.  The parties have a litigious history regarding T.D.'s education.  Prior to 2016, T.D. did not attend school.  Ex. A to Compl., ECF No. 1-2, at 4.  In creating Individualized Education Plans for T.D. prior to 2016, Dervishi and the Board's team of public school officials disagreed about which specialized education program suited his educational needs.  *Id*.  Dervishi desired to send T.D. to Keswell School ("Keswell") in New York City, which had been recommended to Dervishi by T.D.'s New York-based psychiatrist, who was unfamiliar with the relevant school options in Connecticut.  *Id.*  The school team disagreed because Keswell was not a "State Approved Special Education Program[.]"  *Id.*  The school team proposed to send T.D. to various programs in Connecticut that were state-approved and considerably closer to T.D.'s home, but Dervishi rejected these proposals and insisted that T.D. attend Keswell.  *Id.*

In 2016, the school team and the Board agreed to pay for T.D.'s tuition at Keswell, but refused to pay for the expenses involved in transporting him there.  *Id.* at 4–5.  Dervishi provided transportation for T.D. to Keswell between 2016 and 2020.  *Id.* at 5.

In 2020, Dervishi filed a due process complaint with the Connecticut Department of Education, seeking reimbursement from the Board for the expenses she had incurred in transporting T.D. to Keswell since 2016 pursuant to the IDEA.  *Id.*  She also sought reimbursement for certain assistive technology she had purchased for T.D.'s use, specifically, an iPad and a MacBook Pro computer.  *Id.*  On motion by the Board, the hearing officer dismissed Dervishi's claims prior to November of 2018 as barred by the statute of limitations.  *Id.* at 2.  Following multiple days of hearings, on August 18, 2021, the hearing officer concluded that the Board was

2

not required to reimburse Dervishi for expenses related to the transportation of T.D. to Keswell or the assistive technology she procured for him.  *Id.* at 6.

### B.  Present Action

On September 8, 2021, Dervishi filed the present *pro se* complaint in federal district court "on her behalf and on the behalf of her autistic son T.," seeking to reverse the hearing officer's decision under the IDEA.  Compl., ECF No. 1.  The complaint form identifies the Board as the defendant and provides its address as: "888 Washington Blvd., Stamford CT 06901."  *Id.* at 1.  According to the public website for the Board, their office is located at a city government building at that address.

The docket reflects that, at Dervishi's request, the Clerk issued electronic summons.  ECF No. 7.  The docket also contains two identical copies of a document—one labeled "Acknowledgement of Service" at ECF No. 9, and one labeled "Summons Returned Executed" at ECF No. 15—which reflect that Dervishi obtained service of process by the U.S. Marshals Service.  However, Dervishi did *not* direct the U.S. Marshals Service to serve a Board member, a clerk for the Board, a Stamford city clerk, or anyone else at the 888 Washington Boulevard address.  Rather, Dervishi directed the U.S. Marshals Service to serve the Board at the address of a law firm, Berchem Moses P.C., which maintains an office on 75 Broad Street in Milford, Connecticut.  ECF Nos. 9, 15.  The decision of the hearing officer in the underlying administrative proceeding, which Dervishi attached to the complaint, reflects that Berchem Moses represented the Board in that proceeding.  Ex. A to Compl., ECF No. 1-2, at 2.  Both the "Acknowledgement of Service" and the "Summons Returned Executed" docket entries reflect that a paralegal at Berchem Moses accepted service.  ECF Nos. 9, 15.

In January of 2022, the Board, through counsel at Berchem Moses, filed the present motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), (b)(5), and (b)(6).  ECF No. 11.  The motion contends that Dervishi lacks standing to litigate on behalf of her autistic son *pro se*; that Dervishi has to date failed to properly serve the Board; and that, in light of her failure to properly effectuate service, Dervishi's complaint is now untimely.  The Court will address this last ground for dismissal first.

## II.    TIMELINESS

### A. Legal Standard

When a defendant contends that an action is barred by a statute of limitations, the defendant "may raise the affirmative defense in a pre-answer motion to dismiss.  Such a motion is properly treated as a [Federal Rule of Civil Procedure] 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted[.]"  *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).

The IDEA was enacted to ensure that all children with disabilities have available to them free, appropriate public education that emphasizes "special education and related services designed to meet their unique needs" and "prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1).  The IDEA presents "a model of cooperative federalism," because it gives the participating states "the primary responsibility for developing and executing educational programs" for disabled children, but imposes on those states "significant requirements to be followed in the discharge of that responsibility."  *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 52 (2005) (citation and internal quotation marks omitted).  "Under [the] IDEA, if a party is dissatisfied with the outcome of a state educational agency's due process hearing, that party may take an appeal by filing a civil action in federal district court."  *Brennan v. Reg'l Sch. Dist. No. 1*

*Bd. of Educ.*, 531 F. Supp. 2d 245, 257 (D. Conn. 2008); 20 U.S.C. § 1415(i)(2)(A).  The IDEA's

procedural safeguards provide that, if the participating state has a specific time limitation for

bringing the federal civil action, then such time limitation applies to the action.  20 U.S.C. §

1415(i)(2)(B).  The Connecticut law implementing the IDEA, Conn. Gen. Stat. § 10-76h(d)(4),

provides that an appeal under the IDEA from the decision of a hearing officer is governed by

Connecticut's Uniform Administrative Procedure Act, Conn. Gen. Stat. § 4-183.  *See Brennan*,

531 F. Supp. 2d at 257–58.  Pursuant to that statute, "an appeal from the hearing officer's decision

[in an IDEA case] must be filed within 45 days of the mailing of the final decision."  *Id.* at 258;

*see also* Conn. Gen. Stat. § 4-183(c)(1).

### B. Discussion

The hearing officer's decision in the underlying administrative proceeding is dated August

18, 2021.  Ex. A to Compl., ECF No. 1-2, at 1.  Dervishi filed her complaint in this Court twenty-

one days later, on September 8, 2021.  ECF No. 1.  The Board contends that Dervishi's complaint

is untimely because, as discussed in more detail below, she never properly served the Board, and

now the forty-five-day limitation period set forth by Connecticut state law has elapsed.

The Board's argument implicitly assumes that the limitations period has continued to run

despite Dervishi filing the complaint.  Of course, the limitations period would *not* continue to run

if the period were tolled when Dervishi filed the complaint.  The question of whether Dervishi's

filing of the complaint tolled the forty-five-day limitations period hinges on whether federal or

state law applies in this circumstance.

In a state law cause of action, properly adjudicated by a federal district court exercising

diversity jurisdiction, "state law not only provides the appropriate period of limitations but also

determines whether service must be effected within that period."  *West v. Conrail*, 481 U.S. 35, 39

n.4 (1987) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 (1980)); *see also Diffley v. Allied-Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990) (noting that in diversity cases, "state statutes of limitations govern the timeliness of state law claims and state law determines the related questions of what events serve to commence an action and to toll the statute of limitations") (citation and internal quotation marks removed).  Under Connecticut law, "statutes of limitation are tolled by actual service on the defendant." *Stephens v. Norwalk Hosp.*, 162 F. Supp. 2d 36, 39 (D. Conn. 2001); *see also Converse v. Gen. Motors Corp.*, 893 F.2d 513, 515 (2d Cir. 1990) ("the Connecticut Supreme Court has long adhered to the rule that only actual service upon the defendant will satisfy the state statutes of limitations").

By contrast, a cause of action arising from federal law and subject to an express federal limitations period—a federal question case—is governed by Federal Rule of Civil Procedure 3, which provides: "A civil action is commenced by filing a complaint with the court." *See Ellenbogen v. Rider Maint. Corp.*, 794 F.2d 768, 772–73 (2d Cir. 1989) (recognizing that "[t]he policies favoring close adherence to state statute of limitations rules in diversity cases are largely absent when the legal action is based upon federal substantive law").  Federal courts have consistently held that, pursuant to this Rule, "filing a complaint suffices to satisfy the statute of limitations." *Henderson v. United States*, 517 U.S. 654, 657 n.2 (1996); *Perez v. Nassau*, 294 F. Supp. 2d 386, 389–90 (E.D.N.Y. 2003) ("Rule 3 provides that a 'civil action is commenced by filing a complaint with the Court'. . . . Upon filing the complaint, the statute of limitations is tolled.").  A cause of action under the IDEA does not readily fall within either category of cases

because, as noted, that statute presents a complex arrangement involving federal *and* state law, including with respect to the limitations period.[1]

To that end, the U.S. Supreme Court in *West v. Conrail* considered which jurisdiction's procedures should govern a federal cause of action for which the district court must "borrow a limitations period from" an analogous state law statute. *West*, 481 U.S. at 39. The Court concluded that such an action will not be time-barred if it has been filed within the borrowed period, irrespective of any state law requirement for service of process attendant to the borrowed period. *Id.* In applying this rule, the Second Circuit has reasoned that, "[w]hen a federal court borrows a state statute of limitations . . . the court is not applying state law; it is applying federal law. . . . Thus, it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies." *Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (second alteration in original) (citations and internal quotation marks omitted).

At least two courts in this district have applied these principles to a federal action challenging the decision of a hearing officer under the IDEA. *A.P. ex rel. Powers v. Woodstock Bd. of Educ.*, No. 3:07-cv-833 (MRK), 2007 WL 3024355, at *2 (D. Conn. Oct. 16, 2007); *Quatroche v. E. Lyme Bd. of Educ.*, 604 F. Supp. 2d 403, 410 (D. Conn. 2009). In the *Woodstock* matter, the court noted that the forty-five-day limitation period, borrowed from Connecticut's

---

[1] The Board does not expressly contend that Connecticut state law, rather than the Federal Rules of Civil Procedure, should govern the tolling of the forty-five-day limitations period. Indeed, the Board discusses Rules 3 and 4, suggesting that they apply. Mem. in Supp. of Mot. to Dismiss at 8–9. The Board's argument, which is confusing at best, is that the Court should interpret Rules 3 and 4 together to conclude that Dervishi's claim is not timely because she has not properly served the Board. *Id.* However, as explained, the U.S. Supreme Court has unambiguously held that a limitation period governed by the Federal Rules of Civil Procedure is tolled when the complaint is filed, irrespective of service. *Henderson*, 517 U.S. at 657 n.2; *see also Perez*, 294 F. Supp. 2d at 389–90. Moreover, the Board's tortured interpretation of the Federal Rules rests on cases from the 1950s, predating many critical modern amendments to the Rules. Given that federal law has entirely foreclosed the argument raised by the Board, the Court will construe the Board's motion in a more plausible light, specifically, as suggesting that Connecticut law, rather than federal law, governs the tolling of the limitations period.

Uniform Administrative Procedure Act, did not require the court to adopt Connecticut's service requirements. *A.P. ex rel. Powers*, 2007 WL 3024355, at \*2–3.  Rather, the court concluded that, "while Connecticut law may determine the applicable limitations period for filing actions in federal court, it is the *Federal Rules of Civil Procedure*, not state law, that govern the service requirements once an action is filed in federal court." *Id.* at \*2 (emphasis in original).  Likewise, in *Quatroche*, the court similarly concluded that "[t]he Federal Rules of Civil Procedure apply to service of process under the IDEA." *Quatroche*, 604 F. Supp. 2d at 409–10 (discussing *West*, 481 U.S. at 39; *Local 802*, 145 F.3d at 88; and *A.P. ex rel. Powers*, 2007 WL 3024355, at \*2).

The Court finds these cases persuasive.  Although Connecticut law supplies the forty-five-day limitations period, federal law dictates the procedural requirements Dervishi must satisfy to toll the limitations period.  Because a limitations period is tolled under federal law when a complaint is filed, the limitation period was tolled on September 8, 2021, when Dervishi filed her complaint in federal district court.  Accordingly, she filed her federal complaint within forty-five days of the hearing officer's decision.  Federal law, unlike Connecticut law, does not require a plaintiff to properly serve the complaint on the defendant to toll a limitations period.  Thus, Dervishi's complaint is timely.

While this complaint is timely, however, a refiled complaint would not be.  The Second Circuit has held that "[t]he [time period for service] runs from the filing of the complaint, and the statute of limitations for the underlying claim is tolled during that period.  If service is not complete by the end of the [prescribed] days, however, the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to the termination of the statute of limitations period." *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990).  Twenty-one days elapsed between the Department of Education's adverse decision and the filing of the complaint in the present action.

The forty-five-day limitations period was tolled on September 8, 2021, when the complaint was filed, and for ninety days thereafter.  Fed. R. Civ. P. 4(m) (stating that if a complaint is not served within ninety days of filing, the court must dismiss the action without prejudice or order that service be made within a specified time).  On December 7, 2021, the limitations period resumed. After the twenty-four remaining days elapsed, the limitations period expired on January 3, 2022. Accordingly, if the Court were to dismiss Dervishi's action for failure to properly effectuate service, as sought by the Board, any refiled action by Dervishi would be time-barred.  However, as explained further below, the Court will extend the deadline for Dervishi to perfect service on the Board, which will eliminate any remaining question with respect to timeliness.

## III.    SERVICE OF PROCESS

### A.  Legal Standard

Federal Rule of Civil Procedure 12(b)(5) provides that a defendant may move to dismiss the complaint due to insufficient service of process.  Fed. R. Civ. P. 12(b)(5); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007).  "A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules, which sets forth the federal requirements for service."  *Rzayeva*, 492 F. Supp. 2d at 74.  Proper service of process pursuant to Rule 4 is a prerequisite to a court's exercise of personal jurisdiction over a defendant.  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).  "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Rzayeva*, 492 F. Supp. 2d at 74 (citation and internal quotation marks omitted).

Federal Rule of Civil Procedure 4(j)(2) prescribes the appropriate methods to serve a local government or municipal corporation such as the Board.  This Rule provides, in relevant part, that

such an entity must be served by (A) "delivering a copy of the summons and of the complaint to its chief executive officer," or (B) in any manner prescribed by the corresponding state law governing service of such an entity.  Fed. R. Civ. P. 4(j)(2).  Conn. Gen. Stat. § 52-57(b) lists various methods of service appropriate for particular categories of defendants in this state. Relevant here, subsection (4) provides that process may be served against a school district by leaving a true and attested copy of the process and the complaint with the clerk of the school district or a member of the school district's committee.  Conn. Gen. Stat. § 52-57(b)(4).  Similarly, subsection (5) provides that process may be served against a city board by leaving two true and attested copies of the process and the complaint with the clerk of the city, who shall forward one copy to the board.  Conn. Gen. Stat. § 52-57(b)(5).

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Courts in this circuit have extended the deadline for a plaintiff to effectuate proper service pursuant to Rule 4(m) in two ways.  First, the court *must* extend the service deadline if the plaintiff can demonstrate "good cause," which is a high standard, generally requiring "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [her] control." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013) (citations and internal quotations marks omitted).

Second, the court *may* extend the service deadline in its discretion, "even where there is no good cause shown[.]" *Zapata v. New York*, 502 F.3d 192, 196 (2d Cir. 2007).  Courts considering

whether to exercise discretion to extend the service deadline in the absence of good cause consider

factors such as: whether a refiled action would be time-barred; whether the defendant had actual

notice of the claims; whether the defendant attempted to conceal the defect in service; and whether

the defendant would be prejudiced by an extension of the service period. *See, e.g.*, *John v.

Bridgeport*, 309 F.R.D. 149, 154 (D. Conn. 2015).

## B. Discussion

Dervishi could have properly served the Board in one of at least four ways: by serving the

chief executive officer of Stamford, i.e., the mayor, pursuant to Fed. R. Civ. P. 4(j)(2)(A); by

serving the clerk of the school district pursuant to Conn. Gen. Stat. § 52-57(b)(4); by serving any

member of the Board pursuant to Conn. Gen. Stat. § 52-57(b)(4); or by serving two copies of the

summons and complaint with the clerk of the city of Stamford pursuant to Conn. Gen. Stat. § 52-

57(b)(5).  Dervishi did not serve any of those individuals.  Rather, she served the attorney who

represented the Board in their prior, highly litigious administrative proceeding.[2]  Because this did

not constitute proper service, the Board is correct that it has not been properly served.

The Board makes no mention of the Court's authority to extend the service deadline.  The

Court will *sua sponte* consider whether to extend the service deadline pursuant to Rule 4(m).

Dervishi's *pro se* status undoubtedly earns her a certain degree of solicitude, such as "leniency in

the enforcement of . . . procedural rules[.]"  *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir.

---

[2] The Board summarily dismisses Dervishi's apparent confusion regarding why service on defense counsel did not satisfy the requirements of Rule 4.  Service of process on an attorney is proper under Rule 4 if "the attorney was authorized, either expressly or impliedly, to receive service of process for [their] client."  *United States v. Bosurgi*, 343 F. Supp. 815, 817 (S.D.N.Y. 1972).  *See also Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("[S]ervice of process on an attorney not authorized to accept service for [their] client is ineffective[.]").  However, an attorney is generally not authorized to accept service "solely by reason of [their] capacity as an attorney," even if the attorney represents the client in another litigation.  *Bosurgi*, 343 F. Supp. at 817.  Moreover, it is the plaintiff's burden to establish that an attorney is authorized to accept service of process, and Dervishi has not so established.  *See Santos*, 902 F.2d at 1094 ("[The plaintiff] has shown no basis for an inference that [the defendant] had authorized its attorneys to accept service of process on its behalf.").

2010).   However, this solicitude does not create the type of "exceptional circumstance" contemplated by the provision of Rule 4(m) mandating an extension of the service deadline upon a showing of good cause.

Nevertheless, the Court will exercise its discretion to extend the service deadline pursuant to the provision of Rule 4(m) authorizing such discretion.  Three out of four factors support the Court's exercise of discretion in these circumstances.  *See John*, 309 F.R.D. at 154.  First, any refiled action by Dervishi would be time-barred, which weighs heavily in favor of extending the service deadline.  "[C]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis."  *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (noting that "this factor alone may be sufficient to justify extending the time for service") (citations and internal quotation marks omitted; *see also Zapata*, 502 F.3d at 197 ("Where, as here, good cause is lacking, but the dismissal without prejudice *in combination with the statute of limitations would result in a dismissal with prejudice*, we will not find an abuse of discretion in [the district court extending the service deadline], so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." (emphasis added)).  Moreover, many district courts in this circuit have extended the service deadline under Rule 4(m) for *pro se* plaintiffs in the Title VII context, which provides a similarly short limitations period to appeal the outcome of an administrative proceeding in federal court.  *See, e.g.*, *Johnson v Fleet*, 371 F. Supp. 2d 155, 157–58 (D. Conn. 2005); *John*, 309 F.R.D. at 155; *Jordan*, 928 F. Supp. 2d at 599.  Accordingly, the fact that any refiled action by Dervishi would be time-barred weighs very heavily, if not decisively, in favor of extending the service deadline.

12

Second, the Board had actual notice of Dervishi's claims.  As the Board itself notes, this is Dervishi's fifth federal court action against the Board pertaining to their disagreements over T.D.'s education.[3]  Reply in Supp. of Mot. to Dismiss at 1 n.1.  The parties have disagreed about reimbursement for transportation expenses since 2016, and they have litigated the issue in an administrative proceeding since 2020.  The Board's reply memorandum acknowledges Dervishi's efforts to notify it of her complaint, such as: that she mailed a copy of the complaint to defense counsel; that she orally informed defense counsel of the complaint; and that she served defense counsel with process and the complaint through the U.S. Marshals Service.  *Id.* at 2.  While the Board is correct that these efforts did not constitute proper service, the Board fails to consider that these efforts demonstrate that it has long been on actual notice of Dervishi's claims.  Thus, this factor also weighs in favor of extending the time for Dervishi to effectuate proper service.

The third factor, concerning whether the Board attempted to conceal the defect in service, weighs against extending the service deadline, if marginally.  *See John*, 309 F.R.D. at 156 (extending the service deadline despite the defendant promptly raising the defect in service); *Jordan*, 928 F. Supp. 2d at 599 (reasoning that this factor was "inapplicable" where the defendant promptly raised the defect in service because "this factor alone does not offset the numerous reasons that support granting [the] plaintiff additional time to correct service of process").  The Board promptly raised the issue of insufficient service in the present motion to dismiss, filed one day after Dervishi served defense counsel.  But, notably, the Board's memorandum seeking dismissal does not acknowledge the efforts Dervishi made to inform it of the complaint, orally and

---

[3] The Court notes that in one of Dervishi's prior actions against the Board, she appropriately had the Board served at its 888 Washington Boulevard address in Stamford, signifying her knowledge of the proper place of service.  *See Dervishi v. Stamford Bd. of Educ.*, No. 3:13-cv-1260 (WWE), ECF No. 11 (proof of service).  While this fact weighs somewhat against granting Dervishi an extension of the service deadline here, it is not dispositive.

through regular mail.  Therefore, this factor only marginally weighs against extending the service deadline.

However, the fourth factor—prejudice (or lack thereof) to the defendant—pushes the balance of factors in favor of extending the service deadline.  The Board will not be prejudiced by an extension of the service deadline.  As one district court noted when Dervishi incorrectly named the "Department of Special Education in Stamford Public School" instead of the Board in an earlier case, the Board "[wa]s not prejudiced by the late service as it was well aware of plaintiff's action against it." *Dervishi ex rel. T.D. v. Stamford Bd. of Educ.*, No. 3:11-cv-1018, 2013 WL 12413208, at *2 (D. Conn. July 17, 2013).  Moreover, if the Board has suffered any prejudice from the delay in proper service, such prejudice is "slight" because Dervishi's failure to timely serve the Board has aged the case by a few months, not years.  *See John*, 309 F.R.D. at 156.  Although the Court recognizes that an extension would require the Board to litigate an action that would otherwise be time-barred, such prejudice is diminished in light of the Board's knowledge of the existence of the action, and does not outweigh the other reasons for granting an extension.  *See id.* (noting that the test for discretionary extension of the service deadline under Rule 4(m) would be "seriously flawed" if the time-barred nature of a refiled action would at once weigh in favor of the plaintiff under the first factor and simultaneously weigh in favor of the defendant under the fourth factor because "a plaintiff who wins at the first step will always see her gain cancelled out at the last step").  On balance, an extension of the service deadline is justified here.

In light of the circumstances of this case, the Court will exercise its discretion to extend the deadline *nunc pro tunc* for Dervishi to effectuate proper service on the Board.  **By April 25, 2022, Dervishi shall serve an individual authorized by Fed. R. Civ P. 4(j)(2) or Conn. Gen.**

14

**Stat. § 52-57(b) to accept service of process on behalf of the Board, as explained previously**

**in this Order. Dervishi is advised that service on defense counsel will not suffice.**

## IV. STANDING

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides the appropriate procedural vehicle for a

defendant to challenge a plaintiff's standing to sue. *Alliance for Env't Renewal, Inc. v. Pyramid*

*Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006). "In resolving a motion to dismiss under Rule

12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw

all reasonable inferences in favor of the party asserting jurisdiction. . . . But [w]here jurisdictional

facts are placed in dispute, the court has the power and obligation to decide issues of fact by

reference to evidence outside the pleadings, such as affidavits. . . . In that case, the party asserting

[standing] has the burden of proving by a preponderance of the evidence that it exists." *Tandon v.*

*Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citations and internal

quotation marks omitted).

Generally, in federal courts, "parties may plead and conduct their own cases personally or

by counsel[.]" 28 U.S.C. § 1654; *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009).

"Although § 1654 thus recognizes that an individual generally has the right to proceed *pro se* with

respect to his own claims or claims against him personally, [t]he statute does not permit unlicensed

laymen to represent anyone else other than themselves." *Id.* (citations and internal quotation marks

omitted). Therefore, the Second Circuit has held that a *pro se* litigant, such as a parent or guardian,

generally cannot bring an action on behalf of a minor child or an incompetent adult because the

child or incompetent adult has not made an "individual choice" to proceed *pro se* that requires deference.[4]  *Id.* at 133.

However, the U.S. Supreme Court has held that a parent has standing to pursue claims under the IDEA on the parent's own behalf and on behalf of a disabled child, without representation by counsel.  *Winkelman ex rel. Winkelman*, 550 U.S. 516, 535 (2007).  Noting that "parents have a recognized legal interest in the education and upbringing of their children," the Court interpreted the IDEA as granting parents "independent, enforceable rights."  *Id.* at 529, 533.  Specifically, the Court held that a parent qualifies as a "party aggrieved" as defined by the IDEA "with regard to any matter" covered by the IDEA, including the procedural safeguards governing the decision-making process, cost recovery, and the substantive adequacy of the child's education.  *Id.* at 531 (internal quotation marks omitted).  Because parents "enjoy rights under [the] IDEA," the Court held that parents are "entitled to prosecute IDEA claims on their own behalf."  *Id.* at 535.  The Court declined to consider whether a parent can pursue an IDEA claim *pro se* raised solely on behalf of the child, and not on behalf of the parent.  *Id.*

The Second Circuit has applied *Winkelman* to permit a parent to pursue their disabled child's IDEA claims *pro se* so long as the parent asserts a claim on the parent's behalf as well.  *See, e.g.*, *Doe ex rel. Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 653 n.2 (2d Cir. 2020) (permitting a parent to proceed *pro se* on appeal of IDEA claim according to *Winkelman* "because she brought claims on her own behalf as well as her son's"); *A.P. ex rel. Powers v. Woodstock Bd. of Educ.*, 370 F. App'x 202, 204 n.2 (2d Cir. 2010) (summary order) (permitting a parent to proceed *pro se*

---

[4] Federal Rules of Civil Procedure 17(c)(1) and (2) permit a representative, next friend, or guardian ad litem of a minor or incompetent adult to sue or defend on their behalf.  Fed. R. Civ. P. 17(c)(1), (2).  However, the Second Circuit has held that Rule 17(c) "does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel.  If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation." *Berrios*, 564 F.3d at 134.

16

on appeal of an IDEA claim where the complaint asserted independent claims of reimbursement and costs of services paid by the parent); *cf. KLA v. Windham Southeast Supervisory Union*, 348 F. App'x 604, 606 (2d Cir. 2009) (summary order) (deferring consideration of an IDEA appeal brought *pro se* by parents solely on behalf of incompetent adult, to allow parents to obtain counsel).

## B. Discussion

Dervishi's complaint is captioned, "*on her behalf and on the behalf of her autistic son T.*" The caption and the substance of her complaint reasonably suggest that she asserts a claim for reimbursement on her own behalf, in addition to any claims she brings on T.D.'s behalf. Interpreting Dervishi's complaint in this manner would be consistent with the solicitude afforded to *pro se* litigants with regard to the "liberal construction of pleadings[.]" *See Tracy*, 623 F.3d at 101; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing that *pro se* filings are held to "less stringent standards"). Because she asserts a cost recovery claim on her behalf and her disabled adult son's behalf, Dervishi has standing to litigate the complaint *pro se*.

The Board's three arguments to the contrary are unavailing. First, the Board accords undue weight to a footnote in a Second Circuit summary order from one of the parties' prior cases. *See Dervishi ex rel. T.D. v. Dep't of Special Educ.*, 846 F. App'x 10, 12 n.1 (2d Cir. 2021) ("The issue of whether Dervishi is permitted to appear *pro se* on behalf of her child in this appeal [was] rendered moot by Dervishi having retained counsel[.]"). But that action was captioned "Dervishi *on behalf of T.D.*," with no mention to any independent claim asserted on Dervishi's own behalf.

Second, the Board acknowledges *Winkelman* for the first time in its reply brief, attempting to distinguish that case by again ignoring that Dervishi quite clearly asserts her IDEA claim "*on her behalf*" and on T.D.'s behalf. Such captioning brings the claim squarely within *Winkelman* and the Second Circuit cases applying it.

Finally, the Board relies heavily on *Tindall v. Poultney High School District*, 414 F.3d 281, 284 (2d Cir. 2005), which deferred an appeal to permit the *pro se* parents of a disabled child to obtain counsel to pursue their IDEA claims. However, that case preceded *Winkelman* and the Second Circuit case law providing that dismissal is appropriate only when the parent does not raise any claims on the parent's own behalf. *See Doe ex rel. Doe*, 962 F.3d at 653 n.2; *A.P. ex rel. Powers*, 370 F. App'x at 204 n.2.

Accordingly, Dervishi has standing to bring the present IDEA cost recovery claim on behalf of T.D. and on her own behalf *pro se*.

## V. CONCLUSION

Because Dervishi has standing to bring the present IDEA action *pro se*, the Board's motion to dismiss is denied on that ground. Because Dervishi has timely filed the complaint, the Board's motion to dismiss is denied on that ground as well. Although Dervishi has not properly served the Board, the Board's motion to dismiss is nevertheless denied on that ground. Instead, the Court will exercise its discretion under Fed. R. Civ. P. 4(m) to extend the deadline for Dervishi to effectuate proper service on the Board. **By April 25, 2022, Dervishi shall serve an individual authorized by Fed. R. Civ P. 4(j)(2) or Conn. Gen. Stat. § 52-57(b) to accept service of process on behalf of the Board, as explained previously in this Order. Dervishi is advised that service on defense counsel will not suffice.**

**SO ORDERED** at Hartford, Connecticut, this 25th day of March, 2022.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE